UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Case No. 3:22-cv-00256-DJH-LLK

**DENORVER GARRETT,**      **PLAINTIFF**

**v.**

**AARON AMBERS et al,**      **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter has been referred to Magistrate Judge Lanny King to hear and determine all pretrial matters, including non-dispositive motions. Text Order of May 13, 2022 [DN 4]. Before the Court is Defendant Louisville/Jefferson County Metro Government's ("Metro") May 2, 2025, Motion to Compel Compliance with Subpoena. Motion [DN 77]. The deadline to respond has passed, and for the following reasons, the Court finds no response necessary at this time. The Motion is **DENIED** without prejudice.

### Procedural Background

On March 14, 2025, Metro "tendered" a subpoena to non-party Kentucky Department of Corrections – Division of Probation and Parole ("KY Probation and Parole"). Motion [DN 77] at 2. The subpoena's "Proof of Service" section is blank. [DN 77-1] at 2. KY Probation and Parole summarily objected to the subpoena, which it received via e-mail. [DN 77-2]. Metro now moves to compel a response to its subpoena, which purportedly seeks discoverable documents. The instant Motion was sent to KY Probation and Parole's Assistant General Counsel "via US mail, First Class, postage prepaid[.]" Motion [DN 77] at 5. No return receipt appears to have been requested or returned.

**Legal Standards**

Federal Rule of Civil Procedure 37 applies to motions to compel discovery: "*On notice* to other parties and *all affected persons*, a party may move for an order compelling disclosure or discovery. The motion *must* include a certification that the movant has in good faith conferred or attempted to confer with the *person or party* failing to make disclosure[.]" Fed. R. Civ. P. 37(a)(1) (emphasis added). Rule 37 explicitly requires that, prior to filing a motion, a would-be movant must confer with all persons affected by a motion to compel, even non-parties. The motion must also include a certification of good faith. Likewise, Joint Local Rule of Civil Practice 37.1 provides that "[t]he Court will not entertain discovery motions unless counsel have conferred -- or attempted to confer-- with other affected parties in an effort to resolve their dispute. The moving party must attach to every discovery motion a certification that counsel have conferred and are unable to resolve their differences." LR 37.1.

Rule 45 governs subpoenas. "The Sixth Circuit has not yet passed on whether Rule 45 requires personal service of a subpoena." *Powell v. Time Warner Cable, Inc.*, No. 2:09-cv-00600, 2010 U.S. Dist. LEXIS 138883, at *6 (S.D. Ohio Dec. 29, 2010) (collecting cases); *EEOC v. Ferrellgas, L.P.*, 97 F.4th 338, 345 n.5 (6th Cir. 2024) (considering but not deciding "[w]hether Rule 45 requires personal service"). Courts that decline to require personal service "have held that service is effective so long as it reasonably insures actual receipt of the subpoena." *Powell*, 2010 U.S. Dist. LEXIS 138883, at *8 (internal quotations omitted).

**Analysis**

Neither relevance of the requested documents, nor non-party KY Probation and Parole's response, nor its timelines need be presently addressed. Defendant's Motion fails to comply with

basic requirements outlined by the Federal and Local Rules, which mandate that a party filing a discovery motion attach a certification that counsel has first attempted to confer with the non-moving party to resolve the dispute. *See* Fed. R. Civ. P. 37(a)(1); LR 37.1. Were there any doubt as to if or how these rules should be followed, the Court's Scheduling Order makes this clear:

> Before filing any discovery motion, all counsel must … make a good-faith effort to resolve the dispute. *See* Local Rule 37.1. The Court will not entertain discovery motions unless counsel have conferred or attempted to confer with opposing counsel or other *affected parties*.

Scheduling Order [DN 42] at 4 (emphasis added). Had Movant followed proper procedure and attached a certification of good faith evincing its efforts, it may also have satisfied the Court's concern with proper notice of this Motion.

KY Probation and Parole responded to movant's emailed-subpoena; they are therefore on notice of the subpoena itself. *See Powell v. Time Warner Cable, Inc.*, No. 2:09-cv-00600, 2010 U.S. Dist. LEXIS 138883, at *8-9 (S.D. Ohio Dec. 29, 2010) (finding that "service of a subpoena is effective so long as it reasonably insures actual receipt").[1] The Court is not satisfied that the non-party is on notice of this Motion—which was sent by mail and does not appear to have been concurrently sent to the email address to which KY Probation and Parole has previously responded. Rule 37 also provides that, in addition to attempting to confer in good faith, Movant must provide notice of the motion to the affected person. Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.")

---

[1] The response does not indicate *when* KY Probation and Parole was put on notice of the subpoena, and the Court will therefore not consider movant's argument that they did not timely respond within 14 days of 'service.' Motion [DN 77] at 3 n.2. The email was sent at some time on a Friday and may very well not have been acknowledged or read for some time thereafter.

Accordingly, the Motion is **DENIED**, without prejudice. Metro may renew its motion, if necessary, after ensuring that the non-party is on actual notice of this Motion, [DN 77], this Order, and any renewed motion. Prior to doing so, Metro must attempt to confer in good faith with the non-party and attach a certificate detailing such attempts. *See* Fed. R. Civ. P. 37(a)(1); LR 37.1.

June 5, 2025

Lanny King, Magistrate Judge
United States District Court

C: Counsel;
Allison R. Brown
Assistant General Counsel
Kentucky Department of Corrections
P.O. Box 2400
Frankfort, KY 40602